**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0726n.06
Filed: November 24, 2008

07-3664

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICHAEL P. SANDERS, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges; ZATKOFF, District Judge.

PER CURIAM. The defendant, Michael Sanders, pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and to possessing crack cocaine, in violation of 21 U.S.C. § 844(a), and was sentenced to 57 months' incarceration. He now appeals this sentence, alleging that his offense level was improperly increased based on his prior convictions because, under Ohio state law, "aggravated riot" should not be classified as a crime of violence for purposes of U.S.S.G. § 4B1.2(a). Although "aggravated riot" is not necessarily a crime of violence under the Ohio criminal statute, the wording of Sanders's indictment demonstrates that he was charged under a subsection of the aggravated riot statute that constitutes a crime of violence under the federal guidelines. We therefore affirm the district court's sentencing order.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In this case, the probation officer who prepared the presentence report calculated Sanders's base offense level on the felon-in-possession charge at 24 under U.S.S.G. § 2K2.1(a)(4), in light of his two prior felony convictions for crimes of violence, and set his criminal history category at IV. Defendant filed a sentencing memorandum contending that the offense level should be pegged at 20 because only one of his prior offenses was a crime of violence. The district court nevertheless agreed with the presentence report's recommendations, setting the base level at 24 but awarding Sanders a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a)-(b), giving him a final offense level for Count 1 of 21 and resulting in a guideline sentence range of 57 to 71 months. The statutory maximum for the cocaine possession conviction was 12 months. The district court imposed concurrent sentences of 57 months and 12 months, to be followed by three years of supervised release.

## <u>DISCUSSION</u>

We review *de novo* a district court's decision that a prior offense qualifies as a crime of violence under the United States Sentencing Guidelines. *See United States v. Foreman*, 436 F.3d 638, 640 (6th Cir. 2006).

Under the guidelines, a criminal defendant who has been convicted of illegal possession of a firearm, including violation of 18 U.S.C. § 922(g)(1), will be assigned a

base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense[.]" U.S.S.G. § 2.K2.1(a)(2). However, if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[,]" then a base offense level of only 20 will be assigned. U.S.S.G. § 2.K2.1(a)(4)(A). Sanders claims that the district court improperly calculated his base offense level at 24 under subsection (a)(2), rather than 20 under subsection (a)(4)(A), after finding – incorrectly, he contends – that his prior offense of aggravated riot qualified as a crime of violence under the sentencing guidelines.

Under those guidelines, "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" if it

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4.B1.2(a). The commentary provides that "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling" qualify as crimes of violence. U.S.S.G. § 4.B1.2 cmt n.1. Beyond these enumerated crimes, subsection (a)(1) qualifies certain crimes as violent because they have the actual, attempted, or threatened use of physical force as an

element.  Subsection (a)(2) qualifies other prior offenses as crimes of violence if they "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," which we have referred to as the "otherwise clause."  *See United States v. Collier*, 493 F.3d 731, 733 n.3 (6th Cir. 2007).

Precisely what felony offenses qualify as crimes of violence under these two tests has been the topic of much litigation under the sentencing guidelines.  In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court concluded that a court "must take a categorical approach and first consider the statutory definition of the offense."  *Foreman*, 436 F.3d at 641 (interpreting *Taylor*, 495 U.S. 575).  The categorical approach generally requires the sentencing court to "confine its inquiry to the 'statutory definitions of the prior offenses,' but it may also look to 'the charging paper and jury instructions,'" *Collier*, 493 F.3d at 733 (quoting *Taylor*, 495 U.S. at 600, 602), to determine whether the jury actually had to find the elements of a violent offense in order to convict the defendant.  *See Taylor*, 495 U.S. at 602.  More recently, the Supreme Court affirmed the *Taylor* holding, holding that courts are to "consider whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of [a] particular offender."  *James v. United States*, 550 U.S. 192, ___, 127 S.Ct. 1586, 1594 (2007).  By way of clarification, *James* held that the categorical approach does not require "that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent

felony." *Id.* at 1597. "Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id.*

However, where initial examination of the statutory language fails to clarify whether a particular offense is a crime of violence as a categorical matter, the reviewing court may then consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" in order to determine whether the crime was a crime of violence pursuant to the otherwise clause. *Shepard v. United States*, 544 U.S. 13, 16 (2005). Although the opinions in *Taylor*, *James*, and *Shepard* focus on the definition of "a violent felony under the Armed Career Criminal Act, the application of these rules to the definition of 'crime of violence' under the Sentencing Guidelines has become an accepted practice in this circuit." *Foreman*, 436 F.3d at 641.

Sanders challenges the designation of his conviction for the Ohio crime of aggravated riot as a crime of violence. The Ohio statute, Ohio Revised Code § 2917.02, provides in relevant part:

> (A) No person shall participate with four or more others in a course of disorderly conduct in violation of section 2917.11 of the Revised Code:
> (1) With purpose to commit or facilitate the commission of a felony;
> (2) With purpose to commit or facilitate the commission of any offense of violence;

(3) When the offender or any participant to the knowledge of the offender has on or about the offender's or participant's person or under the offender's or participant's control, uses, or intends to use a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

Because the state offense of aggravated riot is not specifically identified in the federal guidelines or commentary as a crime of violence, we must determine whether it qualifies as one under *Taylor*, *James*, and *Shepard* – an issue of first impression in the Sixth Circuit. Sanders argues that the state statute prohibiting aggravated riot criminalizes a wide range of conduct, not all of which is violent or involves "a serious potential risk of physical injury to another." U.S.S.G. § 4.B1.2(a)(2). Indeed, a review of the statutory language demonstrates that not all offenses criminalized as aggravated riot under Ohio Revised Code § 2917.02 involve as an element "the use, attempted use, or threatened use of physical force against the person of another," as proscribed by U.S.S.G. § 4.B1.2(a)(1), principally because subsection (A)(1) of the Ohio statute prohibits the commission of disorderly conduct with four or more others "[w]ith purpose to commit or facilitate the commission of a felony." Ohio Rev. Code § 2917.02(A)(1). Obviously, the prohibited conduct under this subsection of the statute lacks as an element the use of force. As a result, we cannot say that offenses that qualify as "aggravated riot" in Ohio necessarily qualify as "crimes of violence" under U.S.S.G. § 4.B1.2(a)(1).

Because the Ohio statute lacks force as an element under subsection (A)(1), we turn to our next determination: whether aggravated riot is a crime of violence under U.S.S.G. § 4.B1.2(a)(2) because it "presents a serious potential risk of physical injury to

another." Again, using the categorical approach requires examination of statutory language. Here, subsections (A)(2) and (3) of the aggravated riot statute prohibit conduct that poses risk of physical injury through "offense[s] of violence" or use of "a deadly weapon or dangerous ordnance." As a categorical matter, conduct under those subsections would obviously qualify as a crime of violence. However, as previously discussed, it is equally obvious that conduct under subsection (A)(1), does not necessarily pose a risk of physical injury.[1] And, although in *James* the Supreme Court signaled that not every hypothetical offense covered by a criminal statute need be violent in order to qualify as a crime of violence, the Court likewise indicated that the relevant inquiry must focus on "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." 127 S.Ct. at 1597. Because the statute in question here contains elements that expressly distinguish conduct with a risk of violence under subsections (A)(2) and (3) from other kinds of disorderly conduct committed in the course of non-violent felonies under subsection (A)(1), aggravated riot does not appear to be a crime of violence in all cases. It follows that the

---

[1]Considering the various subsections of a single criminal statute separately for purposes of classifying crimes of violence is not a novel approach. We have previously held that certain subsections of a statute may be categorical crimes of violence, whereas other subsections may require closer examination to determine if the actual offense conduct qualifies as a crime of violence. *See, e.g.*, *Foreman*, 436 F.3d at 641-42 (holding that under *United States v. Martin*, 378 F.3d 578 (6th Cir. 2004), the Michigan crime of third-degree fleeing and eluding pursuant to Michigan Compiled Laws section 750.479a(3)(a) and (b) is a categorical crime of violence, whereas fourth-degree fleeing and eluding pursuant to subsection (c) of the same statute is not a categorical crime of violence; a prior offense of fourth-degree fleeing and eluding therefore requires the court to refer to sources authorized in *Shepard* to determine whether the conduct qualifies as a crime of violence).

district court erred in concluding that all aggravated riot "presents a risk in the ordinary sense that someone could be injured" under the rule announced in *James*.

Nevertheless, Sanders misapprehends the process for assessing what is a crime of violence when he suggests that the inquiry ends with this conclusion. In undertaking the categorical approach on *de novo* review of a sentence, we are not restricted to a mere examination of the statutory language but are permitted to look at the charging documents and jury instructions to determine the actual elements of the crime committed. *See Taylor*, 495 U.S. at 602. A study of Sanders's indictment reveals that it does not cite to a specific subsection of section 2917.02. However, the language of the indictment is identical to the statutory language, revealing that his prior conviction was undoubtedly for violation of either subsection (A)(2) or (A)(3) of the Ohio aggravated-riot statute, both of which are crimes of violence, as explained above.[2] In light of the information contained in Sanders's indictment, we have no hesitation in concluding that he was convicted of a crime of violence. Thus, the district court properly designated Sanders's aggravated riot conviction as a crime of violence and correctly sentenced him accordingly. The fact that conviction

---

[2] In relevant part, Sanders's indictment for his prior offense reads:

The Grand Jurors, on their oath, further find that the Defendant(s), unlawfully, did participate with four (4) or more others in a course of disorderly conduct in violation of Section 2917.11 of the Revise[d] Code with purpose to commit or facilitate the commission of an offense of violence and/or the said Michael Sanders, Kevin Keyes, Jermaine Warith, Terence Cloud and Andre Pettaway, or a participant to their knowledge, had used or intended to use a deadly weapon or dangerous ordnance, in violation of Section 2917.02 of the Ohio Revised Code.

under subsection (A)(1) of the statute might, in a different situation, necessitate a different conclusion provides no reason to vacate the sentence imposed in this case.

## CONCLUSION

Although "aggravated riot" is not necessarily a crime of violence pursuant to statutory language alone, our review of Sanders's indictment establishes that he was charged and convicted of an offense that, under a subsection of Ohio's aggravated riot statute, constitutes a crime of violence for federal sentencing purposes. It follows that the district court did not err in sentencing Sanders under U.S.S.G. § 4B1.2(a). The judgment containing the court's sentencing order is, therefore, AFFIRMED.